BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**KELLY A. ZUSMAN**
Assistant United States Attorney
1000 SW Third Ave. – Suite 600
Portland, OR   97204
Telephone:   (503) 727-1000
Attorneys for United States of America

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **No. 19-30250** |
| Plaintiff-Appellee, | **(USDC 3:18-cr-00161-IM)** |
| v. | **(Portland, Oregon)** |
| **NATHAN WHEELER,** | **APPELLEE'S MOTION TO DISMISS APPEAL** |
| Defendant-Appellant. | |

The United States of America moves to dismiss this appeal because defendant

knowingly and voluntarily waived his appellate rights.   The issue defendant seeks to

raise with his appeal—the length of his sentence based on the district court's

calculation of victim-loss credits and real property appraisal values– falls squarely

**APPELLEE'S MOTION TO DISMISS APPEAL**                                           **Page 1**

within the scope of his plea agreement's appellate waiver. Moreover, none of the exceptions to his waiver are applicable. This Court has repeatedly dismissed similar claims raised in the presence of similar appellate waivers. *United States v. Brizan,* 709 F.3d 864, 865 (9th Cir. 2013); *United States v. Rahman,* 642 F.3d 1257, 1259 (9th Cir. 2011) (citing additional cases). This appeal should be dismissed as well.

Defendant is currently out of custody and is scheduled to self-surrender to the Bureau of Prisons on September 25, 2020. (Def. Op. Br. at 2).

## I.     Factual and Procedural Background

Defendant embezzled millions of dollars from clients for personal gain and to further private business ventures, and he failed to accurately report his taxable income. (Def. Op. Br. 1-2; ER 275). He pleaded guilty to a two-count information charging him with wire fraud (18 U.S.C. § 1343) and tax evasion (26 U.S.C. § 7201). (PSR ¶¶ 1-3; ER 130).

The government agreed to recommend the low end of the guideline range, contingent upon defendant's acceptance of responsibility. (PSR ¶ 10; ER 283). Further, the government agreed not to seek any upward departures, adjustments, or variances except as expressly stated in the agreement; defendant in exchange agreed not to seek any downward departures, adjustments or variances except as expressly stated in the agreement. (PSR ¶ 11; ER 283).

Defendant agreed to waive his appellate rights when he entered into his plea agreement with the government, and that waiver encompassed "any aspect of the conviction and sentence," with limited exceptions. (ER 222).

During defendant's change of plea hearing, the government reiterated the specific terms of the plea agreement, including defendant's appellate waiver. (Att. A at 8). The district court confirmed that defendant had had a full opportunity to review the plea agreement with his attorney, was satisfied with his attorney's representation during plea negotiations, and made a fully competent, voluntary waiver. (*Id.* at 17-18, 31-32). The court accepted defendant's guilty plea (*Id.* at 32), and defendant signed the agreement beneath an additional affirmation that he would "expressly waive [his] rights to appeal as outlined in this agreement." (ER 227).

The Presentence Report calculated an adjusted offense level of 31, with a 3-level decrease due to defendant's acceptance of responsibility. (PSR ¶¶ 71-92; ER 293-94). This resulted in a total offense level of 28. (PSR ¶ 92; ER 294). After calculating defendant's advisory guideline range, the government moved the court for a four-level downward departure under USSG §5K1.1, which the court granted. (ER 111, 195, 339). Given defendant's criminal history category of I, the advisory guideline range was 51 to 63 months. (*Id.* at 112). Per the plea agreement, the government recommended the low end of the guideline range, 51 months. (*Id.* at 170, 218). Defense counsel requested a sentence of probation. (*Id.* at 307).

**APPELLEE'S MOTION TO DISMISS APPEAL** **Page 3**

Defendant was sentenced on October 24, 2019. The court ultimately accepted the government's recommendation and sentenced defendant to 51 months on both counts, to be served concurrently. (*Id.* at 155). This sentence fell squarely within the terms of the parties' plea agreement. Despite his express appellate waiver, defendant filed a notice of appeal. (*Id.* at 161). His opening brief fails to address his appellate waiver.

## II. Discussion

**Standard of Review:** This Court reviews *de novo* whether a defendant has waived his appellate rights. *United States v. Spear,* 753 F.3d 964, 967 (9th Cir. 2014).

### A. Defendant knowingly and voluntarily waived his appellate rights.

An appellate waiver is enforceable if its language encompasses the right of appeal on the grounds raised and if it is knowingly and voluntarily made. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Negotiated plea agreements are governed by contract standards and this Court "will generally enforce a plea agreement's plain language if it is clear and unambiguous on its face." *Jeronimo*, 398 F.3d at 1153. This Court enforces "the literal terms of a plea agreement," *United States v. Ellis,* 641 F.3d 411, 417 (9th Cir. 2011), using objective standards, *United States v. Kamer,* 781 F.2d 1380, 1387 (9th Cir. 1986).

**APPELLEE'S MOTION TO DISMISS APPEAL**                    **Page 4**

When a district court complies with Rule 11 of the Federal Rules of Criminal Procedure in accepting a defendant's guilty plea, a defendant cannot demonstrate that his plea was not knowing and voluntary on its face for purposes of a direct appeal. *Jeronimo*, 398 F.3d at 1157, n.5. "A waiver must be honored when the plea agreement is voluntary and taken in compliance with Rule 11." *Id.*

"We will decline to enforce an appeal waiver only if the district court failed to comply with Fed. R. Crim. P. 11, the court informed the defendant that she retained the right to appeal, the sentence did not comport with the plea agreement, or the sentence violated the law." *Brizian,* 709 F.3d at 865. A breach of the plea agreement may also vitiate the waiver. *United States v. Hernandez-Castro,* 814 F.3d 1044, 1045 (9th Cir. 2016).

The district court fully complied with Rule 11 when accepting defendant's plea, and he does not allege otherwise. In fact, his opening brief does not address his appellate waiver or the plea agreement at all, let alone why he should not be bound by their terms. He bypasses this procedural hurdle altogether and advances straight to his argument regarding the district court's loss and appraisal calculations. The crux of this argument, and the entire basis for his appeal—that the court's erroneous calculations led to an improper sentence—are precisely what he waived in the plea agreement by waiving his right to appeal "any aspect of the conviction or sentence on any grounds."

**APPELLEE'S MOTION TO DISMISS APPEAL** **Page 5**

The Court should dismiss this appeal because defendant validly waived the right to challenge "any aspect" of his sentence, which necessarily includes the guideline range calculation upon which it was based.

**B.   Defendant's sentence did not trigger any of the three exceptions to his appellate waiver.**

The parties' plea agreement stipulated that defendant waived the right to appeal any aspect of the conviction or sentence, with three exceptions.   (ER 222-23). Defendant retained the right to appeal if (1) the sentence imposed exceeded the statutory maximum; (2) the district court arrived at an advisory sentencing guideline range by applying an upward departure under the provisions of Sentencing Guidelines Chapters 4 or 5K; or (3) the district court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeded the advisory guideline sentencing range as determined by the court.   (*Id.*).   None of the three triggering events took place, thus none of the exceptions apply to defendant's waiver.[1]

**i.   The sentence imposed did not exceed the statutory maximum.**

Defendant pleaded guilty to two counts: wire fraud and tax evasion.   Wire fraud carries a statutory maximum of 20 years' imprisonment.   18 U.S.C. § 1343. Tax evasion carries a statutory maximum of 5 years' imprisonment.   26 U.S.C.

---

[1] Defendant does not allege, and the record would not support, any claim that the government breached its plea agreement.   Therefore, although not specifically delineated as an exception to the appellate waiver in the plea agreement, this legally recognized exception also would not apply.

**APPELLEE'S MOTION TO DISMISS APPEAL** **Page 6**

§ 7201.   Combined, the maximum sentence defendant could have faced under statute was 25 years' imprisonment.   For this exception to apply, defendant would have had to be sentenced to a term of imprisonment exceeding 25 years.   Defendant was sentenced to only four years and three months in prison.   His sentence did not exceed the statutory maximum, and thus this exception to his appellate waiver does not apply.

### ii.   The district court did not apply an upward departure under Sentencing Guidelines Chapters 4 or 5K.

The district court arrived at the advisory sentencing guideline range of 51 to 63 months by applying four guideline enhancements.   The court found that (1) the offense resulted in a substantial financial hardship to one or more victims, (2) the offense involved sophisticated means, (3) defendant abused a position of trust, and (4) the total loss incurred by victims exceeded $3.5 million.   (PSR ¶¶ 72-76, ER 110, 292-93).

The enhancements for substantial hardship, sophisticated means, and loss over $3.5 million were each applied under Sentencing Guidelines Chapter 2.   *See* USSG §2B1.1(b)(2)(A)(iii) (substantial financial hardship), USSG §2B1.1(b)(10)(C) (sophisticated means), and USSG §2B1.1(b)(1)(J) (loss over $3.5 million).   The enhancement for abusing a position of trust was applied under Sentencing Guidelines Chapter 3.   *See* USSG §3B1.3.   The district court did not apply any upward departures under Chapters 4 or 5K, therefore this exception does not apply.

**APPELLEE'S MOTION TO DISMISS APPEAL**  **Page 7**

**iii. The district court did not exercise its discretion under 18 U.S.C. § 3553(a) to impose a sentence exceeding its advisory guideline sentencing range.**

The district court calculated a guideline sentencing range of 51 to 63 months' imprisonment. The sentencing judge considered the applicable factors under § 3553(a) and imposed a sentence of 51 months. (ER 155). Because the court arrived at a guideline sentencing range of 51-63 months, and because it did not exercise its discretion to impose a sentence exceeding that range, this exception does not apply.

The Court should dismiss this appeal because defendant validly waived the right to challenge his sentence, and none of the exceptions to that waiver apply.

## III. Conclusion

This appeal should be dismissed.

Dated this 25th day of August 2020.

Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney
District of Oregon

*s/ Kelly A. Zusman*
KELLY A. ZUSMAN
Assistant United States Attorney